**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JAMES A. SHOAF**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES CHRISTIAN WARNER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1305-CR-213 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1303-FA-1870

**January 10, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

James Warner appeals his sentence for Class B felony possession of methamphetamine. We affirm.

**Issues**

Warner raises two issues, which we restate as:

I.    whether the trial court abused its discretion in sentencing him; and

II.   whether his sentence is inappropriate.

**Facts**

On August 16, 2012, Warner was manufacturing methamphetamine in a park campground in Bartholomew County with Lori McIntosh and McIntosh's eight-year-old daughter. The State charged Warner with Class A felony dealing in methamphetamine and Class B felony possession of methamphetamine and alleged that he was an habitual offender.

Warner pled guilty to Class B felony possession of methamphetamine, and the State dismissed the other charge and the habitual offender allegation. At Warner's request, a combined sentencing hearing was held that day with charges filed under cause number 03C01-1201-FC-5410. The trial court's written sentencing order provided:

> The Court, having considered the written presentence investigation report filed and having considered the testimony of defendant and comments of counsel, now finds no mitigating circumstances. The Court finds significant and serious aggravating circumstances as follows:
>
> 1.    The defendant has a lengthy criminal history. He has 23 convictions of which 11 are felonies.

2

> 2. The defendant has had opportunities for treatment outside a penal facility on numerous occasions, which have not been effective.
>
> 3. The defendant has had opportunities to be placed on probation on numerous occasions and has violated a number of times.
>
> 4. The nature and circumstances of the crimes in cause number 03C01-1210-FC-5410.

App. p. 67. The trial court sentenced Warner to twenty years with two years suspended to probation for the Class B felony possession of methamphetamine conviction. Warner now appeals.

**Analysis**

*I. Abuse of Discretion*

Warner argues that the trial court abused its discretion when it sentenced him. We evaluate a sentence under the current "advisory" sentencing scheme pursuant to Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), clarified on reh'g by Anglemyer v. State, 875 N.E.2d 218 (Ind. 2007). The trial court must issue a sentencing statement that includes "reasonably detailed reasons or circumstances for imposing a particular sentence." Anglemyer, 868 N.E.2d at 491. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. Id. "The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." Id.

Warner contends that the trial court abused its discretion because it failed to list the factors it considered when sentencing him on the Class B felony possession of

3

methamphetamine charge. Although the trial court conducted a combined sentencing hearing and issued a combined sentencing order, the trial court clearly listed the aggravating circumstances it relied on to formulate Warner's sentence for possession of methamphetamine. As we read the sentencing order, there is no indication that the nature and circumstances of either case was used to formulate the methamphetamine sentence. Thus we are not convinced that manner in which the aggravating factors were listed in the sentencing order amounted to an abuse of discretion.

Warner also argues that the sentencing order was silent regarding whether the trial court considered his guilty plea as a mitigator. We disagree. The sentencing order specifically states that no mitigating circumstances were found. Further, as Warner points out, when a defendant gains a significant benefit from a plea bargain, a trial court is not required to find a guilty plea to be a mitigating circumstance. See, e.g., Brown v. State, 907 N.E.2d 591, 594 (Ind. Ct. App. 2009). Because the State dismissed a Class A felony charge and habitual offender enhancement in exchange for Warner's guilty plea, we are not convinced that the trial court overlooked a significant mitigator. Without more, Warner has not established that the trial court abused its discretion in sentencing him.

### II. Inappropriateness

Warner also argues that his sentence is inappropriate. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Rule 7(B) does not require us to be

4

"extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Warner's argument focuses on whether he is the worst of the worst offenders deserving of the maximum sentence for a Class B felony. Warner did not receive the maximum sentence of twenty years executed. Instead, two years of Warner's twenty-year sentence were suspended to probation making his sentence less punitive. See id.

Moreover:

5

> In stating that maximum sentences are ordinarily appropriate for the worst offenders, we refer generally to the class of offenses and offenders that warrant the maximum punishment. But this encompasses a considerable variety of offenses and offenders. We concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.

Wells v. State, 904 N.E.2d 265, 274 (Ind. Ct. App. 2009) (citation omitted), trans. denied.

Here, Warner was making methamphetamine at a public campground in the presence of an eight-year-old. The nature of the offense does not warrant the reduction of his sentence. As for his character, Warner has twenty-three convictions, eleven of which are felony convictions. Further, Warner admitted that he began using alcohol and marijuana when he was thirteen and, despite referrals to numerous treatment programs, he continues to abuse drugs. Warner also admitted to being on parole when he committed the offense and to violating probation twice. Warner's character does not support the reduction of his sentence.

## Conclusion

Warner has not established that the trial court abused its discretion in sentencing him or that his sentence is inappropriate. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.